---

## In re WARD.

(District Court, D. New Jersey. August 23, 1911.)

BANKRUPTCY (§ 114*)—INVOLUNTARY PROCEEDINGS—RECEIVER.

The District Court entered a decree dismissing a petition in involuntary bankruptcy on the ground that the alleged bankrupt was insane at the time of the transfer of valuable property to his wife which was charged as the act of bankruptcy. *Held,* that pending an appeal from such decree the court would not discharge the receiver previously appointed nor appropriate moneys in his hands for the support of the alleged bankrupt in a sanitarium; it appearing that his wife still retained the property so transferred to her.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 125–132; Dec. Dig. § 114.*]

In the matter of William R. Ward, alleged bankrupt. Petition by guardians of bankrupt for discharge of receiver and for allowance. Denied.

See, also, 161 Fed. 755; 194 Fed. 89, 174.

Robert R. Howard and Edward A. & W. T. Day, for petitioning creditors.

Vredenburgh, Wall & Carey, for guardians of alleged bankrupt.

RELLSTAB, District Judge. On petition of the guardians of William R. Ward, alleged bankrupt, praying to have the receiver discharged, and to appropriate of the moneys in his hands a sum sufficient to defray the expenses of keeping Mr. Ward at the sanitarium to which he has been committed since the decision in this cause.

The matter of the discharge of the receiver was before the court immediately after the decision holding that Ward was insane, and after an appeal had been taken from such decision. The court then decided such application adversely, giving as its reason, inter alia, that it was in the interest of justice that the status of the property should be preserved pending the appeal. No ground other than those pressed upon the court at such time has been advanced on the rule, and I see no reason to change the conclusions then expressed. Whatever reasons there were for the appointment of a receiver in this case continue at the present time, and the preservation of the property is as much

the duty of this court at this time, notwithstanding the appeal taken, as it was at the very beginning of the bankruptcy proceedings.

As to the application that Ward be maintained from moneys now in the hands of the receiver. Assuming that the court has the power to divert such assets for such purpose, it is constrained, in the exercise of a sound discretion, to deny such application. Petitioners base themselves on the finding of the court that Ward was insane at the time he made the transfer of property—the alleged act of bankruptcy. This property was conveyed to the wife of the alleged bankrupt, and she is one of the guardians pressing this application. The record shows that such property is valued at over $100,000; that it is income bearing; and that Mrs. Ward, as such grantee, has been collecting the income. How much income was thus derived is not disclosed. During the pendency of the bankruptcy proceedings, Mrs. Ward has been holding this property and its fruits adversely to the receiver. If the decision of this court should be reversed on appeal, and Ward be declared to have been sane at the time he made such transfer of property, the title thereto would vest in the trustee as of the adjudication, and Mrs. Ward would then be accountable to the trustee for such property as has come to her hands; if the decree of the court should be sustained, and Ward should be declared to have been insane at the time of such transfer, Mrs. Ward would hold the title to such property in trust for Mr. Ward. Whichever the finding, Mrs. Ward is not entitled to the corpus or income of such property, and while she continues to hold it adversely to the receiver, her application for a division of the assets of Ward for the purpose of maintaining him in such sanitarium will not be entertained.

The prayer of petitioner is denied, and the rule founded thereon discharged.